Battle, J.
 

 The construction put upon the contract between the parties, by his Honor in the Court below was undoubtedly correct. The bargain having been made during the fast week in December, for the plaintiff to take the slave on the first day of January ensuing, the
 
 “
 
 few days” allowed him within which to prepare the note with certain named sureties, (which he was first to give,) could not reasonably be extended to the 10th day of January, when it might have been too late for the defendant to find another hirer for her slave. The absence of one of the sureties from the county was no excuse for the plaintiff, as it did not appear that the defendant caused, or even knew of it. Having waited until the 10th, and finding the plaintiff still in default, how could she know that he would comply at all with the terms agreed upon? If either party had a right to sue for a breach of the contract, it was the defendant herself, but she was not bound to do so. She took the more prudent course, instead of going to law, of treating the contract as a nullity and hiring her slave to another person. The law was correctly administered in the Superior Court, and the judgment must be affirmed.
 

 Pee CubiaM. Judgment affirmed.